IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN H. MCCULLEY AND )
LINDA K. MCCULLEY )
)
    Plaintiffs, )
)
v. )    CIVIL ACTION NO. 1:13-00620-CG-N
)
BANK OF AMERICA, N.A., et al., )
)
    Defendants. )

REPORT AND RECOMMENDATION

This action is before the Court on the motions to dismiss (docs. 17, 20) filed by

Defendant Bank of America, N.A. ("BANA") and Defendants Sirote & Permutt, P.C. and

Andy Saag (collectively "Sirote"), respectively.    The Plaintiffs, John H. McCulley and

Linda K. McCulley, have filed responses (docs. 22 & 28), and defendants have replied

(docs. 23 & 29).    This matter has been referred to the undersigned Magistrate Judge for

entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon

consideration of the pleadings, and for the reasons explained herein, it is

RECOMMENDED that the motions to dismiss (docs. 17, 20) be GRANTED.

I.    Background.

On May 31, 2012, Henry McCulley,[1]  filed a lawsuit in this Court against

Countrywide Home Loans, Inc., CWALT, Inc., CWALT, Inc. Alternative Loan Trust

2007-21CB, The Bank of New York, Mortgage Electronic Registration Systems (MERS),

---

[1]  John H. McCulley, plaintiff herein, referred to himself as "Henry McCulley" in McCulley I.

and BAC Home Loan Servicing, LP, claiming, with respect to the same mortgage at issue in this case: (1) that none of the defendants has the right to foreclose on his property; (2) that the defendants fraudulently claimed they were entitled to receive mortgage payments from the plaintiff; (3) a claim to quiet title; (4) a request for declaratory relief; (5) that defendants violated the Real Estate Settlement Procedures Act ("RESPA"), and (6) that the defendants violated the Truth in Lending Act ("TILA"). *See* <u>McCulley v. Countrywide Homes Loans, Inc.</u>, Civil Action No. 12-0359-CG-C, 2013 WL 3187995 (S.D. Ala. 2013) (hereinafter, "McCulley I"). On June 21, 2013, this Court granted defendants' motion for summary judgment and dismissed all of McCulley's claims with prejudice. *Id*. Judgment was entered in <u>McCulley I</u> in favor of all the defendants, including Bank of America, N.A. ("BANA") as "the successor by merger to BAC Home Loan Servicing, L.P., F/K/A Countrywide Home Loans Servicing, LP (incorrectly named as Countrywide Home Loans, Inc.)." <u>McCulley I</u>, 2013 WL 3187995 at *1, n.1 and *7, n.1. The present action is, therefore, the McCulleys' second attempt to avoid the consequences of defaulting on their mortgage dated June 27, 2007.

II.     Procedural and Factual History.

On June 27, 2007, the McCulleys executed and delivered to Countrywide Home Loans, Inc. ("Countrywide") a promissory note ("Note") in the principal amount of $347,150.00. *See* Doc. 17-1 at 1-32; *see also*, <u>McCulley I</u>, 2013 WL 3187995 at *1.

---

[2] In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider documents referred to in the Complaint that are central to the parties' claims. *See e.g.* , <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F. 3d 949, 959 (11th Cir. 2009) ("A court may consider only the complaint itself and any documents referred to

On the same day, the McCulleys secured the Note by a Deed of Trust and granted a

mortgage interest ("Mortgage") in the property to the Mortgage Electronic Recording

Systems ("MERS"), as nominee for Countrywide. The Deed of Trust was recorded July

24, 2007, as Instrument Number 1063998 in the Probate Court of Baldwin County,

Alabama. *See* Doc. 17-1 at 4-17; *see also*, McCulley I, 2013 WL 3187995 at *1.   The

McCulleys later defaulted on the terms of the Note and the Mortgage by failing to make

the required monthly payments.   *See* McCulley I, 2013 WL 3187995 at *1.

On May 30, 2012, John H. McCulley filed the aforementioned McCulley I lawsuit,

alleging, *inter alia*, claims arising out of the transfer of the Note and the Mortgage and

challenging BANA's right to foreclose. *See* Doc. 17-1 at 18-49. On March 6, 2013,

BANA moved for summary judgment as to all of McCulley's claims. (McCulley I, Doc.

26). On June 21, 2013, District Judge Callie V.S. Granade issued a Memorandum

Opinion and Order granting BANA's motion for summary judgment, reasoning that, as

present holder of both the Note and the Mortgage, BANA is entitled to foreclose on the

subject property. *See* Doc. 17-1 at 51-66; McCulley I, 2013 WL 3187995.   The Court

held that "BANA holds both the Note, indorsed in blank, and the Mortgage, via

assignment, [thus] no splitting occurred, and BANA has the right to foreclose on the

property." (*Id.* at 57). On the same day, the Court entered a final judgment dismissing all

---

in the complaint which are central to the claims."); La Grasta v. First Union Sec. Inc., 358 F.3d 840, 845
(11th Cir. 2004)("In analyzing the sufficiency of the complaint, we limit our consideration to the
well-pleaded factual allegations, documents central to or referenced in the complaint, and matters
judicially noticed.").

of McCulley's claims with prejudice. *See* Doc. 17-1 at 67.

The McCulleys filed the instant action on December 17, 2013. On January 2, 2014, District Judge Granade held a preliminary injunction hearing on the issue of whether to set aside the impending foreclosure sale. (Doc. 10). On the same day, she issued an order denying the McCulleys' motion, specifically noting that "the McCulleys cannot prevail in this case." (*Id*.). On January 8, 2014, the McCulleys filed for Chapter 13 Bankruptcy protection in the United States Bankruptcy Court, Case No. 14-00054.

On January 21, 2014, BANA filed the present motion to dismiss, asserting that McCulleys' claims are barred by doctrines of res judicata and collateral estoppel. (Doc. 17). On January 28, 2014, Sirote filed its motion to dismiss incorporating BANA's arguments and exhibits. (Doc. 20). The McCulleys have responded (docs. 22 & 28) and reply briefs have been filed (docs. 23 & 29). The issues have been fully briefed and are now ripe for adjudication.

### III. Standard of Review.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g.,* United States v. Gaubert, 499 U.S. 315, 327 (1991); Hill v. White, 321 F.3d 1334, 1335 (11th Cir.2003)("The complaint is viewed in the light most

favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true."); Simpson v. Zwinge, 531 Fed.Appx. 985, 986 (11ᵗʰ Cir. September 25, 2013) ("In the case of a pro se action ... the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers.")(*quoting* Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990)). *See also* Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(All factual allegations are to be construed in the light most favorable to the plaintiff).

Although the Court must accept all facts set forth in Plaintiffs' Complaint as true, those facts must "be enough to raise a right to relief above the speculative level." Woodard v. Town of Oakman, 2012 WL 3150090, at *3-4 (N.D. Ala. July 27, 2012) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555). Moreover, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct[.]" *Id*. at *4 (emphasis added). If the well-pleaded facts fail to do so, "the [C]omplaint has alleged - but it has not shown - that the pleader is entitled to relief[,]" and the Complaint must be dismissed. *Id*. (internal quotations omitted) (*quoting* Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

## IV.   Analysis.

In support of their motions to dismiss, BANA and Sirote argue that "[t]he McCulleys' claims are barred by the doctrine of res judicata, because the McCulleys raised or had the opportunity to raise all of their current claims against BANA in McCulley I, where this very Court reached a final judgment on the merits." *See* Doc. 17

at 4; Doc. 20 at 3-4. The defendants further argue that the McCulleys' claims are also "barred by the doctrine of collateral estoppel because the central issue of whether BANA has the right to foreclose was adjudicated in <u>McCulley I</u>." *Id*.

In response, the McCulleys maintain that their claims are not barred because "[n]one of the parties named in this case are identical to the parties named in the prior case." (Doc. 22 at ¶ 11; Doc. 28 at ¶¶ 10 & 16). The McCulleys further argue that the claims in this case are not identical to the claims in <u>McCulley I</u>. (Doc. 22 at ¶ 12; Doc. 28 at ¶¶ 12 & 16).

### A.    The claims in this case are barred by res judicata.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties ***or their privies*** from relitigating issues that were ***or could have been*** raised in that action." <u>A.D. ex rel. McGhee v. Alabama Dept. of Human Resources</u>, 2014 WL 411635, \*3 (N.D. Ala. January 31, 2014)(*quoting* <u>Allen v. McCurry</u>, 449 U.S. 90, 94, (1980)(emphasis added)); *see also* <u>Community State Bank v. Strong</u>, 651 F.3d 1241, 1263 (11th Cir. 2011) ("The general principle of res judicata prevents the relitigation of issues and claims already decided by a competent court."). Res judicata makes a final, valid judgment conclusive on the parties, and those in privy with them, as to all matters, fact and law, that were or should have been adjudicated in the proceeding. *Id*., *citing* <u>First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.</u>, 747 F.2d 1367 (11th Cir.1984); <u>Ultracashmere House, Ltd. v. Meyer</u>, 664 F.2d 1176 (11th Cir.1981). "In considering whether to give preclusive effect to state-court judgments under res judicata

or collateral estoppel, the federal court must apply the rendering state's law of preclusion. Strong, 651 F.3d at 1263, *citing* Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006) (res judicata); Agripost, Inc. v. Miami–Dade Cnty., ex rel. Manager, 195 F.3d 1225, 1229 n. 7 (11th Cir. 1999) (collateral estoppel); *see also* 28 U.S.C. § 1738. Thus, in this case, Alabama preclusion law applies.

Under Alabama law, "[t]he elements of res judicata, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits." McGhee, 2014 WL 411635 at *3, *quoting* Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725 (Ala.1990). "If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation." *Id*., *quoting* Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914, 919 (Ala. 2007) (*quoting* Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala.1998)).   *See also* Shurick v. Boeing Co., 623 F.3d 1114, 1116-17 (11th Cir. 2010) (The doctrine of *res judicata* bars a claim where "(1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action."). There is no dispute concerning the competency of the jurisdiction exercised by this Court when it entered its judgment in McCulley I and as it now adjudicates this action. *See also* EEOC v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004)(stating the elements of *res judicata*.).

The McCulleys' assertion that neither the parties nor the claims are the same in the

two actions is without merit. The judgment entered in <u>McCulley I</u> was expressly entered

in favor of BANA inasmuch as it is "the successor by merger to BAC Home Loans

Servicing, L.P., F/K/A Countrywide Home Loans Servicing, LP (incorrectly named as

'Countrywide Home Loans, Inc.'."). Doc. 17-1 at 67; <u>McCulley I</u>, 2013 WL 3187995 at

*1, n.1 and *7, n.1. Although Linda K. McCulley, Sirote & Permutt, P.C. and Andy

Saag were not named as parties in <u>McCulley I</u>, they were in privity with the parties in that

prior litigation, such that the doctrine of *res judicata* applies to them with equal force.

"Generally, there is privity between a non-party and a party in a prior action if the

non-party's interests were adequately represented by a party that had the same interests."

<u>Williams v. Suntrust Banks, Inc.</u>, 280 Fed.Appx. 885, 886 (11th Cir. 2008). John H.

McCulley, who held identical rights and obligations with respect to the Note, Mortgage,

and subject property, adequately represented his wife, Linda K. McCulley's interests in

<u>McCulley I</u>. The McCulleys do not, and cannot, contend otherwise.

Similarly, the Sirote defendants are in privity with BANA, which adequately

pursued, in <u>McCulley I</u>, its interest in the right to foreclose on the McCulleys' property,

and on behalf of whom Sirote acted by sending the foreclosure notice challenged by the

McCulleys in this case. Furthermore, the McCulleys specifically assert that Sirote "was

at all times relevant, [an] agent[] of BANA" and Sirote agrees. (Doc. 1 at 10, ¶ 26; Doc.

20 at 4, n.4). The McCulleys cannot avoid the preclusive effect of their earlier lawsuit

simply by adding an additional party who is clearly in privity with a party to the prior

litigation. In addition, it is irrelevant that the McCulleys are now attacking a letter sent

in November 2013, after the final judgment in McCulley I. *Res judicata* nonetheless

precludes the McCulleys' claims based on that letter because the letter arises from the

same foreclosure action at issue in McCulley I. *See* Citibank, N.A. v. Data Lease Fin.

Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (Held that the doctrine applies to any claim

that arises out of the same nucleus of operative fact or bases itself on the same factual

predicate.). The McCulleys also rely on the same factual predicate to assert that the

letter sent by Sirote violated federal law, namely that the letter was sent in bad faith

because BANA lacked the right to foreclose on the home. However, BANA's right to

foreclose was expressly determined in McCulley I. *See* Doc. 17-1 at 62 ("[T]he court

has determined that BANA, as the present holder of both the Note and the Mortgage, is

entitled to foreclose on the property.").

Moreover, all of the claims raised in the instant case were or could have been

raised in the prior case. Two cases involve the same causes of action when there is

commonality in the "nucleus of operative facts" of the actions. Adams v. State Farm

Bureau Life Ins. Co., 493 F.3d 1276, 1290 (11th Cir. 2007). The causes of action need

not be identical, as long as the claims arise from the common nucleus of operative fact.

*Id*. "[I]f a case arises out of the same nucleus of operative facts, or is based upon the same

factual predicate, as a former action, ... the two cases are really the same 'claim' or 'cause

of action' for purposes of res judicata." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d

1498, 1503 (11th Cir. 1990). In McCulley I, the McCulleys raised state law claims for

wrongful foreclosure and fraud as well as federal claims under RESPA and TILA, all of

which were based on the allegation that BANA held no legal interest in the Note,

Mortgage, or subject property and, thus, was not entitled to foreclose. (*See* Doc. 17-1 at

33-45). In the instant case, the McCulleys raise similar FDCPA, §1985, and §1986 claims

regarding the exact same Note, Mortgage, and property. (*See* Doc. 1, p. 5-13).

Specifically, the McCulleys' claims all center on the contention that BANA is not entitled

to foreclose on the property. These claims clearly arise out of the same nucleus of

operative fact as the prior claims and are barred by *res judicata*. All of the elements for

*res judicata* are therefore met and the McCulleys' claims are due to be dismissed.

**B.    The claims in this case are barred by collateral estoppel**.

"Collateral estoppel or issue preclusion means that 'preclusive effect will be given

to the adjudication of an issue litigated in a prior proceeding if the issue in the subsequent

proceeding is identical to the one involved in the prior action, the issue was actually

litigated, and the determination of the issue was necessary in the prior action'." McGhee,

2014 WL 411635, *3, *quoting* Williams v. Bennett, 689 F.2d 1370, 1381 (11th Cir. 1982).

In Hercules Carriers, Inc. v. Claimant Florida Dep't of Transp., 768 F.2d 1558 (11th

Cir.1985), the Eleventh Circuit explained the doctrine as follows:

> Under the doctrine of collateral estoppel, the resolution by a court of an
> issue of fact or law necessary to its judgment precludes the relitigation of
> that issue in a subsequent suit based on a different cause of action involving
> a party to the prior litigation.

*Id*. at 1578 (footnote omitted). In Alabama, for collateral estoppel to apply: "(1) the issue

must be identical to the one involved in the previous suit; (2) the issue must have been

actually litigated in the prior action; and, (3) the resolution of the issue must have been necessary to the prior judgment." <u>Martin v. Reed</u>, 480 So.2d 1180, 1182 (Ala.1985). The McCulleys do not address defendants' arguments concerning the elements of collateral estoppel or their applicability to this case. It is nonetheless clear that the elements have been satisfied.

Here, all of the claims asserted in both the instant case and <u>McCulley I</u> are predicated on the same Note, Mortgage, and property. Additionally, each and every claim is underscored by the allegation that BANA does not have the right to foreclose on the subject property – an issue that this Court unequivocally resolved in favor of BANA in <u>McCulley I</u>. *See* Doc. 17-1 at 67. Resolution of the issue concerning BANA's right to foreclose on the subject property was clearly necessary to the prior judgment in <u>McCulley I</u>. The McCulleys may not, therefore, relitigate that issue in this case because all their claims arise out of the same nucleus of operative fact.

## CONCLUSION

For the reasons stated above, it is recommended that the motions to dismiss (docs. 17 & 20) filed by Defendant Bank of America, N.A. and Defendants Sirote & Permutt, P.C. and Andy Saag, respectively, be **GRANTED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this ____20th____ day of March, 2014.


/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**